**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**TONYA SCOTT**                                                           **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 2:10cv220-KS-MTP**

**HARTFORD LIFE AND ACCIDENT**                                            **DEFENDANTS**
**INSURANCE COMPANY, ET AL.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint [17][1] and her Motion for Reconsideration [19]. Having reviewed the motions; Defendant Hartford Life and Accident Insurance Company's (Hartford)[2] responses [20] [21] to the motions; and all matters made a part of the record of this case and the applicable law, the Court finds that each motion should be denied.

## BACKGROUND

This cause of action was removed to this Court on September 3, 2010 from the Circuit Court of Forrest County [1]. Removal was based on federal question jurisdiction and the position that Plaintiff's claims arise from an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).[3]

The original state court complaint was filed April 14, 2010 [1]-2. Once removed to this

---

[1] *See* Text Only Order dated March 1, 2011, construing the document titled "Corrected Amended Complaint" as a motion to amend the complaint in the form set forth in the document.

[2] Defendants Hartford Insurance Company and CNA Insurance Company were dismissed on November 17, 2010 as part of an Order of Substitution [11] in which Hartford was substituted for these defendants. Significantly, Plaintiff had no objection to the entry of this order.

[3] Diversity of citizenship and the requisite jurisdictional amount are also present.

Court, several attempts were made to set a Case Management Conference. *See* [5]; Minute Entry and Text Only Order dated November 17, 2010; Minute Entry dated December 16, 2010; Text Only Order dated February 4, 2011. A Case Management Order was finally achieved [16].

During this period of time, Plaintiff was allowed to amend her complaint [13] to assert claims arising under ERISA. The order was entered following a conference with the parties. Plaintiff was given a deadline of January 15, 2011 to file her amended complaint. Despite this deadline, Plaintiff did not file an amended complaint [15] until February 18.[4]

Then, on March 1, after the case management conference and without leave of Court, Plaintiff filed a Corrected Amended Complaint [17] which, as mentioned *supra*, was treated as the motion to amend presently under consideration. Plaintiff's explanation for this filing is found in the Motion to Reconsider [19]: "that the Amended Complaint filed [February 18, 2011] was in fact a draft of the ERISA action that was to be an additional and separate alternative action in this action; that Counsel, unfamiliar with electronic filing, through mistake and inadvertence attached a draft copy to the filing rather than the file that was intended to be filed."

Aside from addressing the corrected amended complaint, the motion to reconsider [19] offers Plaintiff's belief "that the only practical solution in this matter is to put this action on the suspended tract [sic]; that the suspension should be contingent upon Hartford either denying the claim or approving same." *Id.* at p. 2. *See also* p. 3 ("that this matter remain on the suspended

---

[4]On February 4, the Court, noting that no amended complaint had been filed pursuant to its order [13], set the case for the telephonic case management conference that resulted in the Case Management Order [16]. Plaintiff still waited two weeks after this notation to file her amended complaint. Indeed, Plaintiff had to re-file her amended complaint because her first filing was not signed. *See* [14] and Docket Annotation of February 17. These two amended complaints are identical.

calendar until Hartford denies the claim of the Plaintiff or admits that the claim of the Plaintiff is valid and determines to pay same as per the contract existing between them; . . .").

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that in cases in which a party may not amend as a matter of course, which is the case here, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  However, leave to amend is not automatic.  *Bloom v. Bexar County*, 130 F.3d 722, 727 (5th Cir. 1997).  The decision whether to grant or deny leave is within the sound discretion of the district court.  *Id.*; *see also Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  The factors to be considered by the Court in exercising its discretion include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment."  *Gregory v. Mitchell*, 634 F.2d 199, 203 (1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"While leave to amend must be freely given, that generous standard is tempered by the necessary power of the district court to manage a case."  *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (quoting *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)); *see also Reese v. Hebert*, 527 F.3d 1253, 1263 (11th Cir. 2008) ("A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave [to amend] where there is substantial ground for doing so.").  Thus, "where . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the *movant* has the burden of showing some 'valid reason for his neglect and delay.'" *Grant v. News Group Boston,*

*Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) (quoting *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)) (emphasis in original); *see also Little*, 952 F.2d at 846 (holding that "if the delay in filing a motion for leave to amend is particularly egregious, the burden shifts to the moving party to demonstrate that the delay was 'due to oversight, inadvertence or excusable neglect.'") (citing *Gregory*, 634 F.2d at 203); *Best Canvas Products & Supplies, Inc. v. Ploof Truck*, 713 F.2d 618, 623 (11th Cir. 1983) (citation omitted) ("where movant's delay seriously hinders judicial economy and results in prejudice to his opponent, the burden shifts to the moving party to show good reason for the allowance of the amendment.").

Plaintiff's reasons for amending her original complaint included the assertion that "some information has been gathered that seems to support the Defendant's claim that the policy [issued to Plaintiff's employer] would fall under the ERISA statute" and the amendment was intended "to comply with the law and facts of this case upon verification that such allegations are true and correct as Plaintiff now has reason to suspect, all as set forth in the Defendant's responsive pleadings." [8] at p. 2.[5]

Interestingly, Plaintiff not only wanted to amend her complaint "to conform to the language set fort [sic] in ERISA," *id.*, but also asked that the case "be placed on the administrative track and any requirements of the policy be accomplished for filing a claim (as employees of Hartford claim that they cannot find a policy not claim filed by Plaintiff) and the

---

[5]The motion to amend also contained a request "that the Court order the Defendant to provide a copy of the Policy of Insurance in order for her to determine what rights and duties are Incumbent upon the parties under the policy terms when view [sic] in the light of public policy, contract law, and any and all other pertinent matters and facts." [8] at p. 2.

methodology of accomplishing same be ordered by this Court."[6]  The Court's case management order [16] acknowledged that "this is an ERISA matter to be decided on the administrative record . . .," and pointed out that further discovery would not be permitted except upon a motion by any party and further order of the Court.  Despite her earlier position, Plaintiff now complains of the administrative process.

Plaintiff has taken inconsistent positions in this cause of action, even suggesting in the proposed corrected amended complaint that CNA Insurance Company, for which Hartford was substituted with Plaintiff's agreement [11], would return as a defendant. [17] at pp. 1-2.  Plaintiff filed this complaint in state court in April 2010, with removal to this Court the following September.

Over the last six months, the Court has taken numerous steps designed to give Plaintiff an opportunity to amend or clarify her claims.  Two case management conferences were held, but no order was entered as Plaintiff sought to clarify her claims.  *See* docket entries of November 17, 2010 and December 16, 2010.  The Court entered an order correcting the identity of the parties [11] and Plaintiff was afforded another opportunity to amend [13].  Plaintiff did not timely amend, but the Court allowed the tardy amendment, scheduled another case management conference, and entered a case management order [16].  Before the ink dried on the order,

---

[6]The Corrected Amended Complaint refers to a copy of the policy being attached as an exhibit. [17] at p. 4.  The same reference was made in the original Amended Complaint. [15] at p. 3.  There is no attachment to either document.  Plaintiff's earlier assertions as to the policy being unavailable to her, [8] at p. 2, were remedied by Hartford attaching them to its response [12] to the motion to amend.  *See* n.5.  Hartford maintains that it also supplied the policy as part of its Notice of Service of Pre-Discovery Disclosure of Core Information [7]. [20] at p. 2 n.3.

Plaintiff was back again desiring to amend and attempting to undo most of what had been done.[7] At some point the pleadings must be closed so that the parties and the Court may focus on the issues before them.  Otherwise, this case cannot reach a final disposition.

Plaintiff has not established a sufficient basis for bringing previously dismissed parties before the Court or for otherwise amending her complaint to undo the decisions made to this point.  Accordingly, **IT IS ORDERED**:

Plaintiff's Motion to Amend Complaint in the form set forth in the document entitled Corrected Amended Complaint [17] is **DENIED**

Plaintiff's Motion to Reconsider the Case Management Order [19] is **DENIED.**

The parties shall be governed by all provisions of the Case Management Order [16] entered February 23, 2011.

**SO ORDERED** this the 21st day of March, 2011.

s/Michael T. Parker<br>United States Magistrate Judge

---

[7]The Motion to Reconsider [19] is difficult to decipher in some respects.  The motion [19] contains a reference to the need to "Set Aside Summary Judgment."  No summary judgment has been entered or even requested in this matter.  The motion [19] further complains that Plaintiff has been denied discovery.  However, the order [16] makes clear that while discovery is generally inapplicable in ERISA matters, any party could move for discovery.  Plaintiff has not so moved.  Finally, the motion [19] seems to suggest that Plaintiff's claim is not yet ripe and urges the Court to delay this matter until she files a claim with Hartford and Hartford accepts or denies it.