IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TONYA SCOTT**                                                                             **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 2:10-CV-220-KS-MTP**

**HARTFORD LIFE AND ACCIDENT**
**INSURANCE COMPANY**                                                       **DEFENDANT**

### ORDER

For the reasons stated below, the Court **denies** Plaintiff's motion for reconsideration [72] of the Court's Memorandum Opinion and Order of August 3, 2012, granting Defendant's motion for summary judgment.

Motions for reconsideration are either addressed under Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). The timing of the motion determines which rule applies. *Id.* A motion for reconsideration filed and served within twenty-eight days of the filing of the order to be reconsidered is reviewed under Rule 59(e), while anything filed and served after that is reviewed under Rule 60(b). *Yarrito v. United States*, No. 5:11-CV-44-DCB-JMR, 2011 U.S. Dist. LEXIS 52312, at *1 (S.D. Miss. May 16, 2011); *Gunn v. City of Cleveland*, No. 2:09-CV-114-MPM, 2011 U.S. Dist. LEXIS 83927, at *3-*4 (N.D. Miss. July 29, 2011).

Plaintiff filed her motion for reconsideration [72] on August 13, 2012 – ten days after the Court entered its Memorandum Opinion and Order [70] granting Defendant's motion for summary judgment. Therefore, Rule 59(e) applies. Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to

present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Granting a Rule 59(e) motion is "an extraordinary remedy," and it "should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007).

The Court has "considerable discretion" when considering Rule 59(e) motions. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, its discretion is not limitless, and it should be exercised with two "important judicial imperatives" in mind: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Templet*, 367 F.3d at 479. There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

In the present case, Plaintiff has not demonstrated that there has been any intervening change in controlling law. She has not presented any new evidence, and she has not demonstrated that the Court's decision was clearly erroneous. Indeed, she has presented nothing in her motion for reconsideration that the Court has not already addressed. Accordingly, the Court **denies** Plaintiff's motion for reconsideration [72].

SO ORDERED AND ADJUDGED this 15th day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE